UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

THOMAS J. WILSON, individually,

    Plaintiff,

v.

BRYANT, HODGE & ASSOCIATES, LLC,
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, in its telephonic efforts to collect a consumer debt from Plaintiff, Defendant failed to disclose the purpose of its call to Plaintiff as well as its identity as a debt collector, both of which are federally mandated requirements of debt collectors pursuant to the FDCPA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, THOMAS J. WILSON ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida; Plaintiff is a "consumer" as that term is defined in the FDCPA.

4. Defendant, BRYANT, HODGE & ASSOCIATES, LLC ("Defendant"), is a foreign limited liability company, engaged in the practice of debt collection, conducting its business from offices located at 20 State Street, Suite 100, Bangor, Maine 04401.

5. Defendant is vicariously liable for the actions of any employees of BRYANT, HODGE & ASSOCIATES LLC, to the extent that the actions taken by said employees were in an attempt to collect a consumer debt from Plaintiff.  *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA and operates a website with the address of: http://www.bryanthodgeassociates.com; Defendant states on said website that it is engaged in the practice of "professional debt collection" and "purchase[s] and manage[s] portfolios of *defaulted consumer*

*receivables* and provide a broad range of accounts receivable management services to lenders, service providers, and others." (emphasis added).

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect an alleged defaulted upon credit card debt from Plaintiff; said credit card having been used by Plaintiff to purchase consumer goods, such as: food, clothing, and travel-related expenses.

11. Defendant and/or one of Defendant's employees left the following message on Plaintiff's voice mail on or about the date stated:

> *July 15, 2011*
> *This message is for Thomas Wilson. Thomas, this is Jeremy Williams giving you a call at the offices at Bryant, Hodge & Associates. Would you give me a call when you get a moment, please; toll-free its 888-675-4485. Again Tom, very important I speak either with yourself or if you would prefer a registered representative of yours. Thank you.*

12. Defendant left at least two similar or identical messages on other occasions within the year of the filing of this complaint. (Collectively, "the telephone messages").

13. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-

3

Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

16. Defendant failed to inform Plaintiff as to the purpose of Defendant's messages as well as its identity as a debt collector.

17. Based upon information and belief, Defendant, as a "professional debt collector", knew it was required to disclose the purpose of its communication in the telephone messages to Plaintiff as well as the fact that it is a debt collector pursuant to the FDCPA. *See* 15 U.S.C. § 1692d(6); 15 U.S.C. § 1692e(11).

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF THE PURPOSE OF THE CALL

16. Plaintiff incorporates Paragraphs 1 through 15.

17. Defendant placed telephone calls to Plaintiff without making a meaningful disclosure of the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). *See generally, Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

4

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.    Plaintiff incorporates Paragraphs 1 through 15.

19.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11).  *See generally, Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 16th day of July, 2011.

                      SCOTT D. OWENS, ESQ.
                      *Attorney for Plaintiff Leo W. Desmond*

                2000 E. Oakland Park Blvd., Suite 106
                Ft. Lauderdale, FL 33306
                Telephone:  954-306-8104
                Facsimile:  954-337-0666
                scott@scottdowens.com


By:/s/ *Scott D. Owens*
    Scott D. Owens, Esq.
    Florida Bar No. 0597651